IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Action No. 11-CV-02523-RBJ-CBS

BRITTANY THURMAN,

Plaintiff,

v.

Deputy ARTHUR PETERSON, individually and in his capacity as a paid peace officer and as an Employee and/or agent of the Jefferson County Sheriff's Office, Jefferson County, and the Jefferson County Auto Theft Task Force;
Sergeant DAVID HOOVER, individually and in his capacity as a paid peace officer and as an Employee and/or agent of the Lakewood Police Department, the City of Lakewood and the Jefferson County Auto Theft Task Force;
JEFFERSON COUNTY SHERIFF'S OFFICE in its capacity as the Employer of Deputy Arthur Peterson, as an agent and/or independent contractor for Jefferson County and/or as an agent, independent contractor/or employer of the Jefferson County Auto Theft Task Force;
JEFFERSON COUNTY in its capacity as the employer of Deputy Arthur Peterson, as a governmental entity, and/or as an agent, independent contractor or employer of the Jefferson County Auto Theft Task Force;
LAKEWOOD POLICE DEPARTMENT, in its capacity as the employer of Sergeant David Hoover, and as an agent and/or independent contractor of the City of Lakewood and the Jefferson County Auto Theft Task Force;
CITY OF LAKEWOOD, in its capacity as the employer of Sergeant David Hoover, as a governmental entity and as an agent/or employer of the Jefferson County Auto Theft Task Force;
JEFFERSON COUNTY AUTO THEFT TASK FORCE, in its capacity as a governmental entity and as the employer of Arthur Peterson, and David Hoover;
THE STATE OF COLORADO, in its capacity as a governmental entity and employer of the Jefferson County Auto Theft Task Force;
JOHN DOES 1-10, whose names and identities and culpability in the instant matter are yet unknown, individually and in their capacity as governmental officers or employees; peace officers; and/or agents of the Jefferson County Sheriff's Office; the Lakewood Police Department; the City of Lakewood, the Jefferson County Auto Theft Task Force and/or the State of Colorado,

Defendants.

---

ORDER TO SET SCHEDULING CONFERENCE

---

This matter comes before the Court *sua sponte*. The parties are ordered to set an initial scheduling conference in this Court (with Judge Jackson) pursuant to Fed. R. Civ. P. 16(b) and D.C.COLO.LCivR 16.1 no later than 45 days after all responsive pleadings are filed. Each party's lead trial counsel shall attend the conference. The conference shall be held in Courtroom A-702, Alfred A. Arraj U.S. Courthouse, 901 19th Street, Denver, Colorado. The parties are directed to jointly contact Mary DeRosa by telephone at (303) 844-4694 or by email at Jackson_Chambers@cod.uscourts.gov to obtain a scheduling conference date.

A meeting for the purposes of attempting to agree on a scheduling order and satisfying the requirements of Fed. R. Civ. P. 26(f) should be held no later than 21 days before the proposed scheduling order is tendered. The proposed scheduling order, which should be prepared as described in Appendix F to the local rules, should be tendered no later than five days before the scheduling conference. The proposed scheduling order should set forth the parties' agreement or their respective positions on the matters set forth in Appendix F. A copy of instructions for the preparation of a scheduling order and a form scheduling order can be downloaded from the Court's website (http://www.cod.uscourts.gov/Forms.aspx).

DATED this 12th day of October, 2011.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge